**Kenneth KEESEE, Plaintiff-Appellant,**

v.

**Verne ORR, Secretary of the United States Department of the Air Force, Defendant-Appellee.**

**No. 85–1873.**

United States Court of Appeals, Tenth Circuit.

April 17, 1987.

Steven M. Angel of Hughes & Nelson, Oklahoma City, Okl. for plaintiff-appellant.

Thomas L. Strand (William S. Price, U.S. Atty., and Steven K. Mullins, Asst. U.S. Atty., Oklahoma City, Okl., and R. Philip Deavel, Captain, USAF, Office of the Judge Advocate, Washington, D.C., were on the brief) Major, USAF, Office of the Judge Advocate, Washington, D.C., for defendant-appellee.

Before BARRETT and TACHA, Circuit Judges, and JENKINS,* District Judge.

BARRETT, Circuit Judge.

This is an appeal from an order granting dismissal of this action brought pursuant to 42 U.S.C. § 2000e–16. The district court complaint was filed by Steven Angel (Angel) who had represented the nominal plaintiff, Kenneth Keesee (Keesee), a black, in an equal employment opportunity (EEOC) administrative complaint against the United States Air Force. Keesee alleged that he had been denied promotion because of his race. Keesee's complaint was heard by a complaints examiner of the EEOC, whereupon settlement negotiations began. No decision had been rendered by the EEOC, and no agreement had been reached in the settlement negotiations when Keesee

discharged his attorney, Angel. Thereafter, Keesee settled with the Air Force. The settlement provided for $2,625 in attorney's fees, even though Angel had submitted an itemized statement in amount of $13,590.

Although there is nothing in the record to suggest Keesee wished to repudiate the settlement, and indeed there is no evidence that Keesee gave permission for the instant suit to be filed, Angel nevertheless filed suit in Keesee's name against the Air Force seeking the remainder of the attorney's fees in question.

The district court granted the Air Force's motion to dismiss, ruling that it had no jurisdiction. The court found that: even if Angel were substituted as the real party in interest, the settlement between Keesee and the Air Force did not trigger the attorney's fee procedure provided in 29 C.F.R. § 1613.271(c)(2)[1]; the settlement, occurring before the complaints examiner's decision, did not constitute a "decision of the agency ... or of the Commission ... [EEOC] provid[ing] for an award of attorney's fees"; the right to file a civil EEOC action in federal district court, as provided in 29 C.F.R. § 1613.281,[2] did not arise and,

---

* The Honorable Bruce S. Jenkins, Chief Judge, United States District Court for the District of Utah, serving by designation.

1. 29 C.F.R. § 1613.271(c)(2) provides:

When a decision of the agency ... or of the Commission ... provides for an award of attorney's fees or costs, the complainant's attorney shall submit a verified statement of costs and attorney fees, as appropriate, to the agency within 20 days of receipt of the decision. A statement of attorney's fees shall be accompanied by an affidavit executed by the attorney of record itemizing the attorney's charges for legal services and both the verified statement and the affidavit shall be made a part of the complaint file. The amount of attorney's fees or costs to be awarded the complainant shall be determined by agreement between the complainant, the complainant's representative and the agency. Such agreement shall immediately be reduced to writing. If the complainant, the representative and the agency cannot reach an agreement on the amount of attorney's fee or cost within 20 calendar days of receipt of the verified statement and accompanying affidavit, the

agency shall issue a decision determining the amount of attorney's fees or costs within 30 days of receipt of the statement and affidavit. Such decision shall include the specific reasons for determining the amount of the award.

2. 29 C.F.R. § 1613.281 provides:

An employee or applicant is authorized by section 717(c) of the Civil Rights Act, as amended, 84 Stat. 112, to file a civil action in an appropriate United States district court:

(a) within thirty (30) calendar days of receipt of notice of final action taken by the agency on a complaint,

(b) After one hundred and eighty (180) calendar days from the date of filing a complaint with the agency if there has been no decision ...

For purpose of this part, the decision of an agency shall be final only when the agency makes a determination on all of the issues in the complaint, including whether or not to award attorneys fees or costs. If a determination to award attorneys fees is made the decision will not be final until the procedure is followed for determining the amount of the award as set forth in § 1613.271(c).

in any event, Angel was not an "employee or applicant for employment" authorized to file suit under 42 U.S.C. § 2000e–16(c) and 29 C.F.R. § 1613.281. The court ruled that it could not entertain ancillary jurisdiction to hear the question of attorney's fees without a Title VII action properly before it.

Angel brought this appeal, contending that the district court had jurisdiction to enforce a state attorney's lien statute and that it had jurisdiction to consider a claim for payment of "reasonable" attorney's fees under the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. We hold that the district court correctly concluded that 42 U.S.C. § 2000e–16 did not confer jurisdiction over Angel's complaint.

■ To maintain an action against the United States, federal agencies, or federal officials, the plaintiff must have a substantive right to the relief sought and an explicit Congressional consent authorizing such relief. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The exclusive remedy for discrimination claims by federal employees is Title VII. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). 42 U.S.C. § 2000e–5 authorizes the award of a reasonable attorney's fee as part of the costs to the prevailing party, other than the EEOC or the United States, in any action or proceeding under Title VII.

■ Title VII cannot be used as an avenue to apply a state attorney's lien statute. The United States has not consented to be sued for this purpose, in Title VII or elsewhere, except as a truly ancillary claim to a legitimate job discrimination "action, or proceeding." *See* 42 U.S.C. § 2000e–5(k). The United States "is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941). Angel's contention that federal district court is a proper forum for an attorney's lien case, under these circumstances, is without merit.

■ Moreover, as the district court correctly noted, it has no jurisdiction to hear ancillary claims when there is no Title VII action properly before the court. In *Jenkins v. Weinshienk*, 670 F.2d 915 (10th Cir.1982), we held that a lawyer could not use the district court as a forum to adjudicate attorney's fees arising out of a matter not properly before the court, and to the extent that the amount of attorney's fees due and owing was unrelated to the pending litigation, the district court was without jurisdiction. *Id.* at 919. In the instant case, there had been no final administrative decision by the EEOC on the complaint filed by Keesee prior to the settlement agreement. Furthermore, no action had been filed. In *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), the Supreme Court held that an award of attorney's fees under Title VII can only be made if the Title VII claimant prevailed in court or before an administrative body. In the instant case, Keesee did not prevail either in court or before the EEOC on his Title VII claim.

Angel attempts to circumvent the ancillary jurisdiction problem by claiming that he is entitled to the fees as the "prevailing party" pursuant to 42 U.S.C. § 2000e–5(k), which allows any prevailing party a reasonable attorney's fee as part of the costs. In the recent case of *Evans v. Jeff*, 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986), the Supreme Court held that the legislative intent and public policy considerations underlying 42 U.S.C. § 1988 do not prevent a party from waiving eligibility for attorney's fees, nor do they preclude settlement negotiations which are expressly conditioned on the waiver of statutory eligibility for attorney's fees. It is implicit in this holding that the right to an award of attorney's fees in civil rights cases lies with the client rather than the attorney. *See, Id.* 106 S.Ct. 1531, 1539 n. 19.

In *Brown v. General Motors Corp., Chevrolet Div.*, 722 F.2d 1009 (2d Cir.1983), a discharged attorney attempted to collect attorney's fees after a civil rights case had been settled without his help. He filed suit pursuant to 42 U.S.C. § 1988 in the federal district court even though there was no longer a civil rights case pending. Section 1988 provides attorney's fees for the prevailing party, using language identical to that in 42 U.S.C. § 2000e–5(k). The court held that the attorney had no standing, noting:

> Were we to entertain Davis' claim, clients' control over their litigation would be subject to a veto by former attorneys no longer under an obligation of loyalty and perhaps aggrieved by the circumstances of their discharge.

*Id.* at 1011.

In *Alex v. Watt*, 38 Fed.R.Serv.2d 1281, 76 A.L.R. Fed. 633 (D.D.C.1984), the attorney who had represented a Title VII claimant, in a case leading to a successful settlement after suit was filed, was discharged by the plaintiff before any fee litigation was begun. The discharged attorney filed a motion for intervention as a matter of right pursuant to Fed.R.Civ.P. 24(a)(2). The court held that counsel did not meet the requirements of Rule 24(a)(2) because (a) his interest in the award was indirect, derivative to the plaintiff's statutory right to attorney's fees as a prevailing party under Title VII, and the plaintiff, rather than his counsel, is the real party in interest as the intended beneficiary of the employment discrimination fee award provision, and (b) counsel's interest in the fee litigation would not be impaired because he had a contract with the plaintiff. *See also, Clark v. American Marine Corp.*, 320

F.Supp. 709 (E.D.La.1970), affirmed, 437 F.2d 959 (5th Cir.1971), where the court held that Title VII does not prescribe the payment of fees to lawyers but rather to the prevailing party.

There are some cases, none of which involve Title VII or other civil rights claims, that recognize an attorney's right to intervene under Rule 24(a)(2) to protect his interest in the fee. Annotation, 76 A.L.R. Fed. 640. Furthermore, there are a few cases, not applicable here, which recognize the standing of plaintiffs' attorneys to appeal from federal court orders denying or limiting the amount of attorney's fees to the client. Annotation, 72 A.L.R.Fed. 417.

Here, there was no client for whose benefit an award of attorney's fees could be made because the client settled his Title VII claim before any final administrative decision on his complaint was made and before any court action was filed. The attorney had no right, equitable or otherwise, to stand in the shoes of a nonexistent client in order to collect his fees. The attorney was seeking only to advance his own interests. His client's interests were no longer a consideration.

WE AFFIRM.