**SWANK, INC., Plaintiff–Appellee,**

v.

**Harry CARNES, District Director, United States Custom Service, Defendant–Appellant.**

No. 88–5390.

United States Court of Appeals, Eleventh Circuit.

Oct. 3, 1988.

**1482**

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Leonard Schaitman, Appellate Staff, Civil Div., U.S. Dept. of Justice, Robert K. Rasmussen, Washington, D.C., for defendant-appellant.

Julian S. Greenspun, Stroock & Stroock & Lavan, Washington, D.C., Fine, Jacobson, Schwartz, Nash, Block & England, Theodore J. Klein, Miami, Fla., for plaintiff-appellee.

Gilbert Lee Sandler, Sandler & Travis, P.A., Joanne Sargent, Miami, Fla., Stephen Kurzman, Nixon, Hargrave, Devans & Doyle, Washington, D.C., for amicus curaie American Free Trade Ass'n.

Before TJOFLAT, VANCE and COX, Circuit Judge.

**PER CURIAM:**

The United States Customs Service appeals a judgment by the district court ordering it to disclose certain documents to appellee.[1] Because the complaint filed by appellee does not state a claim against the Customs Service, we vacate the district court's order and remand with instructions to dismiss.

**I.**

Swank, Inc., a Delaware corporation, has a licensing agreement with Den Konglige Porcelains Fabrik a/s, d/b/a the Royal Copenhagen Porcelain Manufactory, Ltd., a Denmark corporation, granting Swank an exclusive worldwide right to use the "Royal Copenhagen" trademark and related marks on the colognes and toiletries which Swank manufactures and distributes throughout the world. Swank has registered the "Royal Copenhagen" name and related trademarks with the United States Patent and Trademark Office.

In February 1988 the United States Customs Service informed Swank of a large shipment of toiletries which allegedly bore the "Royal Copenhagen" trademark unlawfully. Swank subsequently learned that the shipment was released to the importer. Because neither Swank nor the trademark owner authorized the shipment, Swank asked the Customs Service to disclose the importer's name and to release certain shipping documents. Swank also asked the Customs Service to allow Swank to examine samples of the goods retained by the Customs Service. When the Customs Service refused to comply with the request, Swank instituted this proceeding.

In the complaint Swank alleges that "[i]f such merchandise was not manufactured in the United States by or on behalf of Swank, such importation ... would violate the Lanham Act ... and would further constitute importations contrary to law...." To determine whether its rights under the Lanham Act, 15 U.S.C. §§ 1051–1127, are being violated, Swank asked the

---

1. Because Harry Carnes, the named defendant in this case, is sued in his official capacity as the District Director of the United States Customs Service, we will refer to appellant as either the Customs Service or the government.

court to issue a preliminary injunction ordering the Customs Service to deliver samples of the goods and copies of documents indicating the identity and location of the importer and exporter. After a hearing the district court granted the requested injunctive relief.

The district court reaffirmed its decision on a motion for reconsideration. Recognizing that Swank may have a private cause of action under the Lanham Act, the district court concluded that under the All Writs Act, 28 U.S.C. § 1651, it had the power to order the disclosure. The court stated that "it would be against public policy to allow an importer who may very well be in violation of the laws of the United States to compel CUSTOMS to continue a confidentiality, which ... [may] prevent [Swank] from ferreting out and finding violations of the law." Customs appeals this decision.

## II.

The government's principal argument is that Swank should have sought access to the agency records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The government contends that FOIA provides the sole basis for granting Swank a right to obtain the requested information. The government maintains that Swank's failure to exhaust administrative remedies requires the court to dismiss the action for lack of subject matter jurisdiction.

■ We do not address the merits of the government's contention because we believe that Swank does not have a claim against the Customs Service for the disclosure of the requested information. As an action against a federal official in his official capacity, this action is viewed as a suit against the United States. *See Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1226 (5th Cir.1976); *South Delta Water Agency v. United States*, 767 F.2d 531, 536 (9th Cir.1985). The United States is immune from suit unless it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). Because of this immunity, a "plaintiff must have a substantive right to the relief sought and an explicit Congressional consent authorizing such relief" in order to maintain an action against the United States. *Keesee v. Orr*, 816 F.2d 545, 547 (10th Cir.1987); *see Thompson v. United States*, 592 F.2d 1104, 1107 (9th Cir.1979) ("[n]o action lies against the United States unless the Congress has authorized it"); *Serra v. United States Gen. Servs. Admin.*, 667 F.Supp. 1042, 1046 (S.D.N.Y.1987), *aff'd*, 847 F.2d 1045 (2d Cir. 1988).

■ Swank has failed to identify any statute which gives it a private cause of action against the United States to obtain the requested information.[2] Swank asserts that it may have causes of action for trademark infringement under the Lanham Act and for other common law torts. Swank reasons that because the court would have jurisdiction over any litigation between Swank and those responsible for the shipment, the district court has the power to order injunctive relief pursuant to the All Writs Act.

Swank's reliance on the All Writs Act is misplaced. The Act permits a federal court to issue all "writs necessary to the preservation or exercise of its subject matter jurisdiction." *ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978); *see Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 40–41, 106 S.Ct. 355, 360, 88 L.Ed.2d 189 (1985). The Act, however, does not create a substantive right of action against the United States. Absent a substantive right conferred by Congress and enforceable against the United States, the district court has nothing over which to exercise its jurisdiction. We therefore hold that the district court did not have the authority under the All Writs Act to issue the preliminary injunction ordering the

---

**2.** Both parties refer to the provisions in 19 U.S.C. § 1431 for the public disclosure of certain shipping information. While this statute permits manifest information to be available for public disclosure in certain instances, the statute does not give private parties a right to sue the government for the failure to disclose the information.

Customs Service to comply with Swank's request. Accordingly, the district court's decision is

VACATED and REMANDED with instructions.