25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marion PARKER and Russell McINTOSH, Plaintiffs-Appellants,
v.
BANCOKLAHOMA MORTGAGE COMPANY, Harry Mortgage Company,
Brumbaugh & Fulton Company, First Mortgage Co., Norwest
Mortgage Co., Woodland Bank, Mortgage Clearing Corporation,
U.S. Dept. of Housing and Urban Development, Defendants-Appellees.
 No. 93-5253.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This appeal arises from the district court's dismissal of plaintiff's action. Plaintiff brought suit against defendants, alleging violations of 42 U.S.C.1981 and the Fair Housing Act, 42 U.S.C. 3601-3631. The district court dismissed the case pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim and for failure to comply with the pleading standards set forth in Fed.R.Civ.P. 8(a).[2]
 
 
 4
 Applying the same standard as the district court, we review the dismissal of plaintiff's complaint de novo. Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). If a plaintiff can prove no set of facts in support of the claims that would entitle him to relief, we will uphold a dismissal, Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991), and, to that end, we "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff," Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991). Finally, we are mindful of the strong presumption against such a dismissal; "[g]ranting defendant's motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Morgan, 792 F.2d at 978.
 
 
 5
 Plaintiff is claiming that defendants refused to give him appraisal work because he is black, in violation of 42 U.S.C.1981 and the Fair Housing Act. The elements necessary for plaintiff to establish a prima facie case are: "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981).[3]
 
 
 6
 Plaintiff alleges that he has applied to each defendant for appraisal work, that he was denied work because he is black, and that white appraisers have received work from defendants. We hold that plaintiff has sufficiently alleged discriminatory treatment to survive defendants' motion to dismiss.
 
 
 7
 Plaintiff also alleges that defendants conspired to discriminate against him because of his race. The district court also dismissed that cause of action for failure to state a claim. This court has held that a plaintiff "must specifically present facts tending to show agreement and concerted action." Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983). We agree with the district court that plaintiff's allegations of conspiracy are insufficient, and we affirm the dismissal of that cause of action pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 8
 The district court also dismissed plaintiff's Oklahoma "public policy" tort claim. We affirm the dismissal of that claim because Oklahoma has not expanded its public policy exception to the employment-at-will doctrine to the failure to hire context. See Sanchez v. Philip Morris Inc., 992 F.2d 244, 248-49 (10th Cir.1993).
 
 
 9
 We also affirm the district court's dismissal of plaintiff's claims against the Department of Housing and Urban Development (HUD). As an agency of the United States Government, that defendant is entitled to sovereign immunity, see Keesee v. Orr, 816 F.2d 545, 547 (10th Cir.1987). As a general matter, the United States has not waived its sovereign immunity for constitutional torts, Martinez v. Winner, 771 F.2d 424, 442 (10th Cir.1985), and plaintiff has pointed to no specific and unequivocal waiver of immunity, see Sierra Club v. Lujan, 972 F.2d 312, 314 (10th Cir.1992).
 
 
 10
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED in part and REVERSED and REMANDED in part.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court dismissed plaintiff's original complaint on December 31, 1992, for failure to comply with Fed.R.Civ.P. 8(a). The district court specifically gave plaintiff leave to file an amended complaint, and it is plaintiff's amended complaint that is the subject of this appeal
 
 
 [3]
 The McDonnell Douglas/Burdine elements and analysis are also applicable in 1981 claims, Drake v. City of Fort Collins, 927 F.2d 1156, 1162 (10th Cir.1991), as well as employment discrimination claims brought under the Fair Housing Act, Asbury v. Brougham, 866 F.2d 1276, 1279 (10th Cir.1989)