UNITED STATES COURT OF APPEALS
**Filed 9/20/96**
FOR THE TENTH CIRCUIT

RUSSELL MCINTOSH and MARION
PARKER,

      Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA;
HENRY G. CISNEROS, Secretary
Department of Housing and Urban
Development,

      Defendants-Appellees.

No. 96-5005
(D.C. No. 95-C-652-B)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District
Judge.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable G. Thomas Van Bebber, Chief Judge, United States District
Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs, two African-American real estate appraisers working in the Tulsa, Oklahoma area, appeal from the district court's dismissal of their claims brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2674 (FTCA). We agree with the district court that, because plaintiffs can point to no analogous Oklahoma tort law assessing liability upon a private individual under like circumstances, and because, in any event, plaintiffs' claims are barred by the statute of limitations, their claims required dismissal.

Plaintiffs' complaint, naming the United States and Henry G. Cisneros, Secretary of the Department of Housing and Urban Development (HUD), as defendants, alleged that defendants failed to enforce the anti-discrimination provisions of the Fair Housing Act, 42 U.S.C. 3601-3631, resulting in their exclusion from real estate appraisal opportunities because of their race. App. at 2. Plaintiffs have previously been before this court alleging that the same facts constituted a violation of 42 U.S.C. § 1981 and the Fair Housing Act and naming HUD as a defendant in addition to various mortgage companies. See Parker v.

Bancoklahoma Mortgage Co., No. 93-5253, 1994 WL 170789 (10th Cir. May 5, 1994)(Parker I).

In Parker I, this court affirmed the district court's dismissal of claims against HUD because the United States has not waived its sovereign immunity for constitutional torts. See id. at **2 (citing Martinez v. Winner, 771 F.2d 424, 442 (10th Cir.), modified on other grounds, 778 F.2d 553 (1985), vacated on other grounds, 475 U. S. 1138 (1986)). In an apparent effort to circumvent the sovereign immunity problem, plaintiffs then filed this action under the Federal Tort Claims Act.[1]

When a complaint is dismissed, we review the action of the district court de novo. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995). Only if a plaintiff can prove no set of facts justifying relief will a dismissal be upheld. Id. We accept all of the well-pleaded allegations in the complaint as true and construe them in plaintiff's favor. Id.

Under the FTCA, "the United States is liable *in tort claims* 'in the same manner and to the same extent as a private individual under like circumstances,' 28 U.S.C. § 2674, 'in accordance with the law of the place where the act or

---

[1] Despite the obvious claim preclusion problems presented by plaintiffs' second lawsuit, neither the district court nor counsel for the parties addressed this issue. For the sake of simplicity, we choose to proceed on appeal along the same analytical line as the district court.

omission occurred,' 28 U.S.C. § 1346(b)." Ayala v. United States, 49 F.3d 607, 610 (10th Cir. 1995)(emphasis added). Thus, to survive a motion to dismiss, plaintiffs are required to identify Oklahoma *tort* law which establishes a duty parallel to the one they allege defendants breached.

Plaintiffs' complaint contains no reference whatsoever to Oklahoma law, tort or otherwise. However, in their brief to this court, plaintiffs, pointing to Okla. Stat. tit. 25, § 1452(A)(5), argue that a portion of the Oklahoma civil rights statutes provides the comparable state law upon which they can base their federal tort claim.[2] We disagree.

The statute upon which plaintiffs rely is not part of Oklahoma tort law. At most, the plaintiffs here have alleged some species of constitutional tort. As this court held in Parker I, the United States has not waived sovereign immunity for purposes of constitutional torts. See Martinez, 771 F.2d at 442. Further, without state tort law recognition of a comparable liability for private persons, failure to abide by or enforce a federal statute is insufficient to establish liability under the FTCA. Ayala, 49 F.3d at 610.

---

[2]    Okla. Stat. tit. 25, § 1452(A)(5) makes it unlawful for any person to deny any person access to, or membership or participation in, a multiple-listing service, real estate brokers' organization or other service, organization, or facility relating to the business of selling or renting dwellings, or discriminate against a person in the terms or conditions of access, membership, or participation in such an organization, service, or facility because of race, color, religion, gender, national origin, age, familial status, or handicap.

As an alternative ground for dismissal, the district court concluded that plaintiffs' claims were barred by the FTCA's two-year statute of limitations. See 28 U.S.C. § 2401(b). This determination is also correct. Plaintiffs argue that under the continuing violation doctrine their claim was timely because there have been continuing unlawful acts, some of which occurred within the filing period. Plaintiffs, however, cannot rely on the continuing violation doctrine where, as evidenced by their earlier lawsuit, their injury was "definite and discoverable, and nothing prevented [them] from coming forward to seek redress." Tiberi v. Cigna Corp., 89 F.3d 1423, 1431 (10th Cir. 1996)(quotation omitted).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

                                        Entered for the Court


                                        G. Thomas Van Bebber
                                        District Judge