**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MARION PARKER,

      Plaintiff-Appellant,

v.

BANCOKLAHOMA MORTGAGE
CORPORATION; BOATMEN'S
FIRST NATIONAL BANK OF
OKLAHOMA, party defendant in
substitution for defendant Woodland
Bank, fka Woodland Bank,

      Defendants-Appellees.

No. 96-5191
(D.C. No. 92-CV-664-J)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

This appeal arises out of an agreement executed by plaintiff, an African-American real estate appraiser, and several mortgage lenders in settlement of plaintiff's suit claiming racial discrimination by appellees in retaining appraisers.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

As an initial matter, we must determine whether we have jurisdiction over this appeal.[1]

The parties executed the settlement agreement at issue and stipulated to dismissal of the case in January 1995. The district court retained jurisdiction to monitor the settlement agreement as to three of the lenders, including defendants Bancoklahoma Mortgage Corp. ("BOMC") and Boatmen's First National Bank of Oklahoma ("Boatmen's"). In October 1995, plaintiff filed a motion to reopen the case, alleging that BOMC and Boatmen's had breached the settlement agreement. The district court judge referred the case to Magistrate Judge Joyner for final disposition, pursuant to 28 U.S.C. § 636(c)(1). Magistrate Judge Joyner held an evidentiary hearing and, on June 25, 1996, he issued an order finding that BOMC had substantially complied with the settlement agreement, but that Boatmen's had breached the agreement. Magistrate Judge Joyner entered judgment for BOMC on plaintiff's claim for breach and entered judgment for plaintiff and against Boatmen's in the amount of $200.00. In his order, Magistrate Judge Joyner determined that plaintiff was not entitled to either punitive damages or attorney fees on his claims for breach of the settlement agreement.

_____

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

On July 25, 1996, plaintiff filed pro se a "Motion for Enlargement of Time Pursuant to Rules 6(b) and 56(f) Fed. R. Civ. P." As grounds, he stated that the magistrate judge's order should be treated solely as a recommendation and asked for an extension of time in which to file objections. See Appellee Boatmen's Suppl. App. at 254-55. On the same date, plaintiff also filed a "Motion to Setaside [sic], Vacate, Modify and Recommit to Magistrate Judge for Recommendation by Special Master." See id. at 257-59. In a supporting brief, see id. at 260-66, plaintiff contended that he had not consented to the magistrate judge entering a final judgment and, therefore, that the magistrate judge had exceeded his authority. Plaintiff further claimed that the magistrate judge's rulings on damages and attorney fees were in error because the magistrate judge did not have authority to consider these matters. Plaintiff asserted he had a right to a jury trial on these matters. By order entered August 5, 1996, Magistrate Judge Joyner denied plaintiff's post-judgment motions, finding that plaintiff's attorney had filed a written consent to disposition of the case by a magistrate judge and that plaintiff was bound by this consent.

On August 20, 1996, fifteen days after the magistrate judge's order denying the post-judgment motions and fifty-six days after the magistrate judge's order ruling on the claims for breach of the settlement agreement, plaintiff filed a notice of appeal. The notice recited that the order being appealed was the

magistrate judge's order of August 5, 1996. See id. at 274. BOMC and Boatmen's have moved to dismiss this appeal, arguing that plaintiff's notice of appeal was untimely.[2] First, defendants argue that the notice was not filed within thirty days of the June 25 order and, therefore, we have no jurisdiction to review that order. Second, defendants claim that, because plaintiff's post-judgment motions challenging the June 25 order were not filed within ten days of that order, the district court did not have jurisdiction to consider the motions or to enter its order of August 5. Thus, defendants urge, we have no jurisdiction to review the August 5 order. Plaintiff has not responded to the motion to dismiss.

Our decision in Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996), establishes that, at minimum, we have jurisdiction to review the court's order of August 5, 1996, denying plaintiff's post-judgment motions. We may properly construe plaintiff's post-judgment motions challenging the June 25 order as motions for relief from judgment pursuant to Rule 60(b). On that basis, we conclude plaintiff's notice of appeal, filed fifteen days after entry of the court's August 5 order, was timely as to that order.

---

[2]     A notice of appeal "must designate the judgment, order, or part thereof appealed from," Fed. R. App. P. 3(c), and it must be filed "within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry," Fed. R. App. P. 4(a)(1).

Whether we also have jurisdiction to review the court's underlying judgment of June 25 is not as clear. In Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), we held that the plaintiffs' appeal from the denial of their Rule 60(b) motion "raises for review only the district court's order of denial and not the underlying judgment itself." The same would be true here, if plaintiff had only thirty days to file his notice of appeal. We note, however, that the Department of Housing and Urban Development ("HUD"), an agency of the United States, was originally a defendant in this action. If HUD's presence in this action entitled plaintiff to a sixty-day appeal period under Rule 4(a)(1), then plaintiff's notice of appeal would be timely as to both the June 25 order and the August 5 order.

HUD was named as a defendant in both plaintiff's complaint and amended complaint. In October 1993, the district court entered a final judgment dismissing plaintiff's claims against all defendants. In a previous appeal of this case, we reversed the district court's ruling as to some of plaintiff's claims, and remanded for further action. We affirmed dismissal of the remaining claims. Included in the latter category were all the claims against HUD. We concluded that plaintiff's HUD claims were barred by sovereign immunity. See Parker v. Bancoklahoma Mortgage Co., No. 93-5253, 1994 WL 170789, at **2 (May 5, 1994) (unpublished order and judgment). On remand, plaintiff pursued his surviving claims solely

against the private defendants and ultimately entered into the settlement agreement with them referenced above. In <u>Maryland Casualty Co. v. Connor</u>, 382 F.2d 13, 15 (10th Cir. 1967), we held, under similar circumstances, that "[w]here . . . the interest of the United States has been finally determined prior to entry of the judgment from which an appeal is sought, the United States is not a party and the time for appeal is thirty days rather than sixty days." Therefore, we conclude that plaintiff's notice of appeal was timely only as to the magistrate judge's August 5, 1996, order which denied plaintiff's Rule 60(b) motions.

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances. A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." <u>Van Skiver</u>, 952 F.2d at 1243-44 (citation omitted). To the extent that plaintiff's post-judgment motions challenge the magistrate judge's authority to address certain issues and to enter a final disposition, we may treat the motions as arising under Rule 60(b)(4) ("the judgment is void"). We review the denial thereof de novo. <u>See</u> <u>Wilmer v. Board of County Comm'rs</u>, 69 F.3d 406, 409 (10th Cir. 1995). To the extent plaintiff's motions challenge the merits of the magistrate judge's ruling, we may liberally construe them as being made under either Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") or Rule 60(b)(6) ("any other reason justifying relief"). We review such denial for an

abuse of discretion.  See Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994 (10th Cir. 1996).  Based upon our review, we conclude the magistrate judge did not err in denying plaintiff's post-judgment motions under Rule 60(b)(1), (4), or (6).

Upon consent of the parties, a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court."  28 U.S.C.§ 636(c)(1).  The record shows that counsel for each of the parties executed and filed with the district court a "Trial Consent Form," which provided:  "In accordance with the provisions of 28 U.S.C. § 636(c), the parties to the above-captioned civil matter hereby waive their right to proceed before the assigned District Judge and consent to have a Magistrate Judge conduct any and all further proceedings in the case, including but not limited to trial of the case . . . and the entry of any order, opinion, or Judgment."  Appellee Boatmen's Suppl. App. at 171, 172.  In compliance with the parties' pleadings, the district court judge entered an order transferring the case to Magistrate Judge Joyner to conduct all further proceedings and to enter judgment pursuant to § 636(c).  See id. at 171-73.

At the beginning of the evidentiary hearing on June 4, 1996, and in plaintiff's presence, Magistrate Judge Joyner stated that the parties had consented

to his hearing the case, that he would conduct a final hearing on all factual and legal matters, and that, at its conclusion, the parties would have no further opportunity to present evidence. See id. at 178-79. Plaintiff stated no objection.

On appeal, plaintiff does not deny that his counsel signed and filed the consent form on his behalf, that he heard the magistrate judge's statement at the beginning of the hearing, or that he remained silent. Nor does plaintiff suggest that his counsel lacked authority to consent to final disposition of the matter by a magistrate judge. This combination of facts leads to an inescapable conclusion: the magistrate judge properly denied plaintiff's post-judgment motions to the extent they challenged the validity of the magistrate judge's June 25 disposition on that basis.

To the extent plaintiff's post-judgment motions challenged the merits of the June 25 disposition, plaintiff has not shown an entitlement to relief under either Rule 60(b)(1) or Rule 60(b)(6). See, e.g., Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-80 (10th Cir. 1996) (discussing circumstances under which relief may be available under Rule 60(b)(1) or Rule 60(b)(6)); Van Skiver, 952 F.2d at 1244-45 (same). Therefore, the magistrate judge did not abuse his discretion in denying these motions.

The judgment is accordingly AFFIRMED.  Appellee Boatmen's motion to sanction plaintiff for bringing a frivolous appeal is DENIED.  Appellee Boatmen's motion to strike references to confidential settlement information contained in attachments to plaintiff's opening brief is GRANTED.  Plaintiff's motion to file a reply brief out of time is GRANTED.

The mandate shall issue forthwith.


Entered for the Court


Carlos F. Lucero
Circuit Judge